UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LAURA K. MAIS, and
MARK S. MAIS

    Plaintiffs,

v.

WAGNER & HUNT, P.A.,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiffs reside here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, LAURA K. MAIS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Plaintiff, MARK S. MAIS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

5. At all times material to this complaint, the MAIS' were married to each other.

6. Defendant, WAGNER & HUNT, P.A., is a professional association and citizen of the State of Florida with its principal place of business at 5233 Coconut Creek Parkway, Margate, Florida 33063.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant regularly collects or attempts to collect debts for other parties.

9. Defendant is a "debt collector" as defined in the FDCPA.

10. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Defendant sought to collect from Plaintiff, Laura K. Mais, an alleged debt arising from transactions incurred for personal, family or household purposes.

12. Defendant left the following messages on Plaintiff, Mark S. Mais' voice mail on his cellular telephone on or about the dates stated:

> November 4, 2009, 2:32 PM
> Good afternoon, now this message is intended for Laura, Laura Mais this is Mr. Bryant calling from the Law firm Wagner & Hunt, P.A. with a message intended solely just for you. If this is not Laura Mais please do not continue to listen to this message as this message is not intended for you. Kindly return the phone call to the law firm of Wagner & Hunt. The number here is 800-777-2602 extension 213 to discuss your account.

13. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

14. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

15. Defendant failed to inform Plaintiffs in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages.

16. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Mr. Mais' cellular telephone.

17. Plaintiffs did not expressly consent to Defendant's placement of telephone calls to Mr. Mais' cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

18. None of Defendant's telephone calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

19. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

20. Plaintiffs incorporate Paragraphs 1 through 19.

21. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

22. Plaintiffs incorporate Paragraphs 1 through 19.

23. Defendant placed telephone calls to Plaintiffs without making meaningful disclosure of its identity when it failed to disclose that it is a debt

collector and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

24. Plaintiffs incorporate Paragraphs 1 through 19.

25. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's husband's cellular telephone to which Plaintiffs had not consented, in violation of 15 U.S.C §1692d. See Order Denying Defendants' Motion to Dismiss Count IV (DE 19), *Clarke, Kerryjoe N.. v Weltman, Weinberg & Reis, Co., et al.,* Case No.: 10-60600-

Civ-Cohn/Seltzer (S.D. Fla July 15, 2010), (holding that the same conduct can separately support a violation of both the FDCPA and TCPA).

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

### COUNT IV
### ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

26.    Plaintiffs incorporate Paragraphs 1 through 19.

27.    Defendant asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that it is a debt collector and the purpose of its communications when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9). See *Cliff v Payco General American Credits, Inc.,* 363 F.3d 1113, 1126 (11th Circuit 2004) (citing Kaplan v Assetcare, Inc., 88 F.Supp.2d 1355, 1363 (S.D. Fla. 2000)) and *Gaalswyk-Knetzke v The Receivable Management Services Corporation*, Case No.: 8:08-cv-493-T-26TGW, 2008 U.S. Dist. LEXIS 44152 (M.D. Fla. May 27, 2008), (holding that with respect to determining what constitutes a misrepresentation of a

legal right under section 559.72(9), the court must "refer to other statutes that establish the legitimacy of a debt and define legal rights").

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    declaring that Defendant's practices violate the FCCPA;

    d.    permanently injoining Defendant from engaging in the complained of practices; and

    e.    Such other or further relief as the Court deems proper.

## COUNT V
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

28.    Plaintiffs incorporate Paragraphs 1 through 19.

29.    By failing to disclose that it is a debt collector, by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Mr. Mais' cellular telephone to which he had not consented, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

30. The FCCPA provides for equitable relief including injunctive relief. <u>Berg v. Merchs. Ass'n Collection Div</u>., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. declaring that Defendant's practices violate the FCCPA;

    d. permanently injoining Defendant from engaging in the complained of practices; and

    e. Such other or further relief as the Court deems proper.

## COUNT VI
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

31. Plaintiffs incorporate Paragraphs 1 through 19.

32. Defendant placed non-emergency telephone calls to Mr. Mais' cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without his prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, Mr. Mais, requests that the Court enter judgment in his favor and against Defendant for:

    a. Damages;

      b.     a declaration that Defendant's calls violate the TCPA;

      c.     a permanent injunction prohibiting Defendant from placing non-emergency calls to Mr. Mais' cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party; and

      d.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com
>
> By: s/ Donald A. Yarbrough
> Donald A. Yarbrough, Esq.
> Florida Bar No. 0158658